■ DIANE MARKEY, Respondent, v GILBERT EISEMAN, Appellant.—In a medical malpractice action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated March 27, 1984, which, upon plaintiff's stipulation consenting to reduce a jury verdict in her favor from $550,000 to $250,000, is in her favor and against him in the principal sum of $250,000.

Judgment reversed, on the facts and as an exercise of discretion, without costs or disbursements, and new trial granted on the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to further reduce the verdict as to damages to the principal sum of $50,000, and to the entry of an amended judgment accordingly. In the event plaintiff so stipulates, then the judgment, as so reduced and

amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The defendant doctor's decision regarding the location of the incisions made by him in performing bilateral nasal-facial excisions upon plaintiff is not one for which he is immune from liability. There was expert medical testimony to the effect that in order to minimize scarring, such an incision should not be placed more than three millimeters from the natural nasal-labial line. The incision utilized by the defendant in performing plaintiff's surgery fell between six to eight millimeters from the nasal-labial line, thereby unnecessarily creating an aesthetic deformity. While it is true that "[s]o long as a physician remains within the bounds of accepted medical practice, he is immune from liability for an error in judgment or for lack of success in his medical treatment * * * once a physician departs from accepted medical practice he is subject to malpractice liability" regardless of his intentions (*Larkin v State of New York*, 84 AD2d 438, 445-446; *Oelsner v State of New York*, 66 NY2d 636, 637-638). There was ample evidence that the incisions made by defendant were not in accordance with good and accepted standards of medical practice.

The court did not err in permitting plaintiff's medical expert to testify despite his noncompliance with this department's medical exchange rule (*see*, 22 NYCRR 672.8). This medical expert gave absolutely no testimony based in any way on his prior examination of the plaintiff; rather, his testimony was legitimately based solely on the defendant's medical records, including photographs, which were already admitted into evidence. There was no probable prejudice to defendant by virtue of plaintiff's failure to comply with 22 NYCRR 672.8, and under the circumstances of this case, we believe that an exception to the general rule was warranted.

We find that the verdict was excessive to the extent indicated, as plaintiff failed to prove any specific or special damages. We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.