■ LUC BRAULT, Appellant, v KENMORE MERCY HOSPITAL et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: On appeal from a judgment for defendants in his medical malpractice action, plaintiff contends that the court erred in permitting defendant Liu's expert to express an opinion based upon irrelevant facts not in evidence; that the verdict was against the weight of the evidence; and that the court erred in instructing the jury that defendants could not be liable for a mere error in judgment. We find that none of plaintiff's contentions has merit.

The court did not err in allowing Dr. Day to express an opinion concerning the quality of care received by plaintiff at Valleyfield Hospital following his discharge from defendants' care. Dr. Day's opinion was based upon the videotaped EBT testimony of plaintiff's second treating physician, Dr. Newman, which was played for the jury as part of plaintiff's case. Opinion evidence is proper so long as it is based upon facts in the record or personally known to the witness *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725-726). With respect to plaintiff's contention that plaintiff's treatment at Valleyfield was irrelevant, a defendant in a negligence case may show an alternative cause of plaintiff's injury or the contributing negligence of another agency.

The verdict is not against the weight of the evidence as there is an ample basis in the record for the jury verdict in favor of defendants. It was variously testified by defendant Dr. Liu, his expert Dr. Day, and, in some instances, even by plaintiff's experts that irrigation and closure of plaintiff's wound was an acceptable course of treatment; that suturing the wound would reduce the potential for scarring; that not all wounds require antibiotics; that not prescribing antibiotics was a reasonable procedure in the absence of any sign of infection; that the subsequent prescription of antibiotics by Dr. Newman had no effect in treating his infection; and that plaintiff showed no sign of infection at the time he was discharged from defendants' care.

Plaintiff did not object to the court's "error in judgment" charge and thus has not preserved for review any claim as to

its impropriety. In any event, the charge accords with PJI 2:150 and is appropriately given in cases, such as this, where there is evidence that the treating physician, in the exercise of his professional judgment, chose among several medically acceptable courses of treatment *(see, Spadaccini v Dolan,* 63 AD2d 110, 120; *see also, Oelsner v State of New York,* 66 NY2d 636, 637). (Appeal from judgment of Supreme Court, Erie County, Gossel, J.—malpractice.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.