■ RITA CAPOLINO, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [605 NYS2d 87] —Judgment of the Supreme Court, Bronx County (David Levy, J.), entered June 5, 1992, following jury trial, awarding plaintiff's decedent $1,008,513.38, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

In October 1981 plaintiff's decedent Ida Alessio was hospitalized for three weeks for a heart attack. While hospitalized she had a transient ischemic attack and the anticoagulant Coumadin was prescribed. Upon her discharge several medicines were prescribed, and the Coumadin continued. She was required to attend the hospital's clinic regularly for the monitoring of her dosage and its effects. On June 19, 1984, defendant Dr. Arrone, a hospital resident who had been treating her for about two years terminated Coumadin and instead prescribed aspirin, which also inhibits coagulation. On July 26, 1984, Mrs. Alessio suffered a severe stroke. She died after the trial of the case.

At trial Dr. Arrone testified that he was worried that Mrs. Alessio would have a major hemorrhage if she continued on Coumadin and that he believed she should be taken off Coumadin because a lower-risk alternative existed, namely, aspirin. He further testified: that the risk of bleeding was ten to twenty times greater than the risk of stroke; that two years was the longest a person should be on Coumadin; that Mrs. Alessio's poor memory and her confusion of her medicines posed a danger; that by 1984 aspirin was deemed the preferable drug; and that current practice (i.e. at the time of his testimony) was just to use aspirin and not another oral anticoagulant. On plaintiff's application the court struck the reference to current practice as not relevant to 1984. Defendant did not object to such striking.

A Dr. Gendelman, called by defendants, testified that switching from Coumadin to aspirin was the accepted standard of care in 1984 and even more so at the time of his testimony. The reference to current standards was stricken. Again there was no objection to the striking.

The Trial Judge denied defendants' counsel's request for the full Pattern Jury Instruction, including the error-of-judgment charge, noting that no one person had testified that both Coumadin and aspirin were acceptable. The testimony of Drs. Arrone, Anderson, and Gendelman, however, did show that the acceptable treatment with respect to Coumadin or aspirin had not been resolved in 1984. There is no requirement, and

perhaps little likelihood, that any one person would have supported the acceptability of both. The trial court relied on *Spadaccini v Dolan* (63 AD2d 110) in refusing to give the error-of-judgment charge. In that case, however, the doctors had implemented none of the three preventive acceptable measures *(supra,* at 120), and the error-of-judgment charge was properly omitted. In the instant case there was testimony that the doctor did exercise his judgment to follow one acceptable course of action in lieu of others, and he testified that he made such decision only after reading six or seven articles on the subject and discussing Mrs. Alessio's situation with a neurologist. The acceptable courses had been testified to, though not all by any one witness, and it was possible for the jury to determine that there was indeed more than one course acceptable under the medical standards of the time of treatment. If Dr. Arrone's decision was a "matter of professional judgment within the range of accepted medical standards," there would be no liability *(Oelsner v State of New York,* 66 NY2d 636, 637). A consequence of the trial court's failure to give the error-of-judgment charge, however, was that the jury could have found that Dr. Arrone's termination of the Coumadin treatment and its replacement by aspirin was an error of judgment, on the strength of which it found for plaintiff, an impermissible result.

The defendants also argue that it was error to refuse to accept evidence that in the years following 1984 the prevailing medical standard moved even more toward substituting aspirin for Coumadin. That issue was not preserved, however, and the Court declines to review it. In the context of a new trial the question may or may not arise again, and any decision thereon should await the specific circumstances in which it arises. Concur—Carro, J. P., Wallach, Asch, Rubin and Nardelli, JJ.