■ Joseph Haase, Appellant, v Carl M. Cole, Erie County Public Administrator, as Administrator of the Estate of E. De Ver Tucker, Deceased, Respondent. (Appeal No. 1.) [653 NYS2d

903] —Judgment affirmed without costs. Memorandum: We reject the contention of plaintiff that he was denied a fair trial by Supreme Court's instruction to the jury that plaintiff's claim was that defendant's decedent, Dr. Tucker, in rendering treatment to plaintiff, caused him to sustain an avulsion fracture. The testimony adduced at trial establishes that the gravamen of plaintiff's claim was that Dr. Tucker negligently manipulated plaintiff's head and neck, causing an avulsion fracture to plaintiff's C5 and C6 vertebrae. Thus, we conclude that the court did not unreasonably restrict the authority of the jury (*cf., Parsons v City of New York,* 175 AD2d 783, 785).

The court did not err in allowing one of defendant's expert witnesses to testify that plaintiff had degenerative disc disease that existed before Dr. Tucker's treatment of plaintiff. The disclosure statement of defendant's expert properly disclosed in reasonable detail the subject matter of the testimony, the substance of the facts and opinions and a summary of the grounds for the expert's testimony (*see,* CPLR 3101 [d] [1] [i]).

The court properly refused to charge the jury on aggravation of a pre-existing injury and aggravation or activation of a latent disease or condition (*see,* PJI 2:282, 2:283); plaintiff did not advance such claims and the evidence at trial did not support them.

Because the evidence raised the issue of the exercise of medical judgment by Dr. Tucker, the court properly gave an error in judgment charge (*see,* PJI 2:150; *cf., Spadaccini v Dolan,* 63 AD2d 110).

There is no merit to the contention that the court should have set aside the verdict because an alternate juror engaged in a discussion about the case with other jurors before the court submitted the case to the jury. The court examined the circumstances surrounding the alleged misconduct and the likelihood that prejudice resulted (*see, People v Brown,* 48 NY2d 388, 394) and properly determined that the brief discussion did not affect the jurors' impartiality or fitness for service.

Because each of the six jurors participated in the deliberations, we reject the contention of plaintiff that his constitutional right to a trial by a six-person jury was violated (*see,* Siegel, NY Prac § 400, at 602 [2d ed]; *cf., Waldman v Cohen,* 125 AD2d 116, 124).

Finally, upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608).

All concur except Balio, J., who dissents and votes to reverse in the following Memorandum.

Balio, J. (dissenting). I respectfully dissent. I disagree with the majority's conclusion that Supreme Court did not unreasonably restrict the authority of the jury by instructing the jury that plaintiff's action was limited to the claim that defendant, in manipulating plaintiff's neck and back, caused plaintiff to sustain an avulsion fracture.

Plaintiff commenced this action seeking damages for injuries he allegedly sustained when defendant's decedent, Dr. Tucker, manipulated his head and neck in a wrenching and twisting manner. The complaint alleges that defendant "negligently manipulated the plaintiff's head and cervical spine causing a fracture to plaintiff's vertebrae C5 and C6, cervical disc injury at C5-6, nerve root damage at C5-6, loss of range of motion, numbness, stiffness, pain and permanent partial disability." The bill of particulars asserts that plaintiff sustained "a fracture of vertebrate [sic] C5 and C6 along with cervical disc injury at C5-6, nerve root damage at C5-6, damage to ligaments, blood vessels and muscles of the cervical spine, the potential for development of traumatic arthritis, permanent pain, suffering and disability with respect to the cervical spine." Plaintiff's medical expert testified at trial that, when Dr. Tucker manipulated plaintiff's neck area, the wrenching and twisting of plaintiff's head and cervical spine caused ligaments to tear away from the bones of the spine, resulting in an evulsion fracture of the C-5 and C-6 vertebrae, bleeding, and swelling of the nerve roots; that the swelling of the nerve roots caused pain to radiate to plaintiff's left shoulder and the numbness plaintiff experienced in his arm; and that, because the torn ligaments left his spine unstable, plaintiff has developed a degenerative disc condition.

After commencing its deliberations, the jury sent a note to the Trial Judge asking whether the malpractice is based on the fracture or the treatment provided by Dr. Tucker. Supreme Court responded that "the gravamen of the complaint" is that, in rendering his treatment, Dr. Tucker "caused the evulsion fracture * * * [and] that if you find that to be the case, there's claims that additional damages flowed therefrom". That was error. Neither the complaint, bill of particulars nor expert testimony asserted that the evulsion fracture was the sole injury resulting from Dr. Tucker's manipulation, or that the other injuries flowed from the evulsion fracture. Because the court improperly restricted the jury's consideration of plaintiff's proof of injury and damages, the judgment should be reversed and a new trial granted (see, Parsons v City of New York, 175 AD2d 783, 785). Under the circumstances, there is

no need to consider the remaining issues. Were I to reach those issues, I would agree with the majority's resolution of them. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Malpractice.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.