■ MICHELLE M. ELLSWORTH et al., Appellants, v M.C. DEREK CHAN, Respondent. (Appeal No. 1.) [705 NYS2d 750] —Judgment affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion to set aside the jury verdict as against the weight of the evidence (*see, Riggio v New Creation Fellowship*, 249 AD2d 942). We further conclude that plaintiffs' contention that the court erred in giving an "error in judgment" charge is not preserved for our review. Plaintiffs submitted evidence at trial that defendant deviated from acceptable standards of care by cutting the bowel of Michelle M. Ellsworth (plaintiff) while performing a hysterectomy, performing the procedure in light of plaintiff's pelvic adhesion disease, failing to order a presurgical bowel preparation rather than an enema, and continuing the procedure after cutting the bowel. Defendant submitted expert testimony that he did not deviate from the standard of care in the community and that his decisions during the course of plaintiff's treatment were medically acceptable alternatives. An error in judgment charge was warranted with regard to at least some of plaintiffs' allegations of negligence. The general objection by plaintiffs to that charge is insufficient to preserve for our review their present contention

that the charge was not applicable to defendant's misidentifying and then cutting plaintiff's bowel (*see*, CPLR 4110-b; *Robillard v Robbins*, 78 NY2d 1105, 1106). We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.

All concur, except Balio, J., who dissents and votes to reverse in the following Memorandum.

Balio, J. (dissenting). I respectfully dissent. I would reverse and grant a new trial. Michelle M. Ellsworth (plaintiff) seeks to recover damages for injuries she sustained during a hysterectomy performed by defendant. During the operation, defendant encountered pelvic adhesions. He successfully removed three bands of adhesions and then encountered, upon visualization and palpation, what he determined to be a fourth band of adhesions. Defendant cut what he thought was the fourth band; it was plaintiff's bowel. Defendant immediately called in a general surgeon, who performed a colostomy.

At trial, plaintiffs' expert testified that defendant should have anticipated that he would encounter adhesions and improperly failed to order a presurgical bowel preparation procedure, and that defendant was negligent in cutting the bowel and in deciding to continue the operation after cutting the bowel. Defendant's expert acknowledged that defendant should have anticipated that he would encounter adhesions but opined that defendant's actions did not deviate from the standard of medical care in the community.

Plaintiffs contend that Supreme Court erred in giving the standard "error in judgment" charge in the circumstances of this case. I agree. The court's charge included a verbatim iteration of the pattern jury instruction, which, in pertinent part, reads: "A doctor is not liable for an error in judgment if (he, she) does what (he, she) decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor could have made under the circumstances" (PJI 2:150). That language is taken from *Pike v Honsinger* (155 NY 201, 210), where the Court of Appeals stated: "The rule requiring [a doctor] to use his best judgment does not hold him liable for a mere error of judgment, provided he does what he thinks is best after careful examination." However, the *Pike* Court also wrote: "Upon consenting to treat a patient, it becomes [the duty of a doctor] to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge. The law holds him liable for an injury to his

patient resulting from want of the requisite knowledge and skill, or the omission to exercise reasonable care, or the failure to use his best judgment" (*Pike v Honsinger, supra*, at 209; *see, Schrempf v State of New York*, 66 NY2d 289, 295; *Ulma v Yonkers Gen. Hosp.*, 53 AD2d 626, 627; *see also, Oelsner v State of New York*, 66 NY2d 636). The "line between medical judgment and deviation from good medical practice is not easy to draw" (*Topel v Long Is. Jewish Med. Ctr.*, 55 NY2d 682, 684).

An "error in judgment" charge is warranted only where the doctor has to consider and choose among medically acceptable alternatives regarding the treatment of plaintiff (*see, Grasso v Capella*, 260 AD2d 600, 601; *Spadaccini v Dolan*, 63 AD2d 110, 120). Thus, " '[w]here alternative procedures are available to a physician, any one of which is medically acceptable and proper under the circumstances, a physician cannot be held liable for malpractice when he uses one of two acceptable techniques' " (*Schreiber v Cestari*, 40 AD2d 1025, 1026, quoted in *Henry v Bronx Lebanon Med. Ctr.*, 53 AD2d 476, 480; *see, Brault v Kenmore Mercy Hosp.*, 142 AD2d 945, 945-946). The pattern jury instruction does not inform a jury that the physician must carefully examine medically acceptable alternative treatments. In any event, that charge was not appropriate in this case. Defendant's actions in misidentifying and then cutting plaintiff's bowel did not constitute a medically acceptable alternative treatment. This is not a case of choosing between two alternative courses of treatment—surgery versus physical therapy, or one kind of antibiotic over another. Cutting a bowel is not a medically acceptable method of performing a hysterectomy.

Moreover, there is an exception to the error in judgment principle. "[E]ven an error in judgment can be a basis for liability where the evidence establishes that the exercise of judgment was itself a deviation from accepted medical standards * * * which thus denied the patient the level of care acceptable within the relevant professional community" (*Bernard v Block*, 176 AD2d 843, 846 [internal citation omitted]). The pattern jury instruction does not mention that exception. (Appeal from Judgment of Supreme Court, Wayne County, Sirkin, J.—Negligence.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.