■ Valerie Martin et al., Appellants, v Lattimore Road Surgicenter, Inc., Doing Business as Lattimore Community Surgicenter, et al., Defendants, and David L. Gandell, M.D., Respondent. [727 NYS2d 836] —Judgment reversed on the law with costs and new trial granted. Memorandum: Supreme Court erred in giving an "error in judgment" charge over plaintiffs' objection. That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives (*see,* 1A NY PJI 3d 701, caveat 2 [2001]; *see also, Grasso v Capella,* 260 AD2d 600, 601). This case does not fall into that narrow category. At trial, plaintiffs presented evidence that David L. Gandell, M.D. (defendant) deviated from acceptable standards of care in performing a surgical procedure on Valerie Martin (plaintiff) and in failing to properly diagnose and treat plaintiff's postoperative bowel obstruction. With respect to the surgical procedure, plaintiffs' expert testified that the standard of care required that a stitch be placed at the fascia, the base of the cylindrical incision wound, in order to prevent the bowel from being drawn into the wound. Defendant's expert testified

that the standard of care simply required a stitch at the skin. Defendant chose neither alternative, but instead placed a stitch at skin level and an additional stitch one third of the way into the wound. Neither defendant nor the expert testified that it would have been medically acceptable to stitch the fascia or the skin. Nor did defendant testify that he considered either of those alternatives or any other medically acceptable treatment options before choosing the manner in which to stitch the incision. "The 'error of judgment' charge implies the exercise of some judgment in choosing from among two or more available alternatives" (*Spadaccini v Dolan,* 63 AD2d 110, 120). In this case, however, the evidence simply raised the issue whether defendant deviated from the degree of care that a reasonable physician would have exercised under the same circumstances, and there was no reason to give an error in judgment charge with respect to defendant's manner of stitching the incision (*see, Spadaccini v Dolan, supra,* at 120-121).

With respect to plaintiff's postoperative care, plaintiffs' expert testified that defendant deviated from the standard of care by failing to obtain an X ray after plaintiff exhibited classic symptoms of a bowel obstruction. Defendant testified that he would have ordered an X ray if he had suspected a bowel obstruction, but he did not attribute plaintiff's symptoms to a bowel obstruction. Defendant's expert testified that defendant's assessment that plaintiff did not have a bowel obstruction was reasonable. No reasonable view of the evidence would support a finding that defendant considered and chose among medically acceptable alternative courses of treatment (*cf., Brault v Kenmore Mercy Hosp.,* 142 AD2d 945, 946). Rather, the evidence simply raised the issue whether defendant deviated from the standard of care in responding to plaintiff's postoperative symptoms. Under those circumstances, "defendant was not required to exercise the type of medical judgment which would warrant the giving of the 'error of judgment' charge" (*Grasso v Capella, supra,* at 601).

Pigott, Jr., P. J., Green and Hurlbutt, JJ., concur; Kehoe, J., dissents and votes to affirm in the following Memorandum:

Kehoe, J. (dissenting). I respectfully dissent. In my view, plaintiffs' general objection to the court's "error in judgment" charge did not preserve for our review the contentions that the charge was not properly given with respect to either of plaintiffs' allegations of malpractice (*see, Ellsworth v Chan,* 270 AD2d 811, *lv denied* 95 NY2d 757). In any event, Supreme Court properly gave the "error in judgment" charge because it applied to both of plaintiffs' allegations of malpractice.

Plaintiffs' first allegation of malpractice is that David L. Gandell, M.D. (defendant) breached the applicable standard of care in not suturing the fascia at the base of the cylindrical wound created during the laparoscopic procedure. Although it was plaintiffs' theory that due care required suturing of the fascia in order to prevent the bowel from being drawn into the wound, defendant and his expert testified that defendant used reasonable care in suturing at the surface of the skin. Moreover, defendant and all of the other experts, including plaintiffs' expert, testified that the fascia could not have been sutured without making additional openings in the patient's abdomen or substantially enlarging the laparoscopic incision, which according to defendant and his expert would have eliminated the advantages of laparoscopy and risked further complications. Thus, there is no basis on this record for the majority's conclusion that defendant did not exercise his judgment in choosing from among medically acceptable alternative courses of treatment (*see, Brault v Kenmore Mercy Hosp.,* 142 AD2d 945; *cf., Grasso v Capella,* 260 AD2d 600, 601; *Spadaccini v Dolan,* 63 AD2d 110, 120-121). The majority concludes that a defendant physician must testify specifically that he made a conscious choice among alternatives in order to obtain an "error in judgment" charge. Requiring such testimony *in haec verba* is an exercise in semantics, because deliberately following a given course of treatment (and giving reasons for doing so) necessarily implies the rejection of alternative courses of treatment. An "error in judgment" charge should be given where, as here, the parties' experts testify to the medical acceptability of different courses of treatment available to a defendant physician (*see, Petko v Ghoorah,* 178 AD2d 1013).

The "error in judgment" charge also was proper with respect to plaintiffs' second allegation of malpractice, the failure of defendant to order an X ray on the day after the surgery, in response to the patient's complaints of abdominal pain and vomiting. Defendant performed an abdominal and pelvic examination on that date and determined that the symptoms and examination did not indicate a small bowel obstruction. The parties' experts disagreed concerning whether defendant's postoperative management of the patient conformed to generally accepted standards. It is thus clear that defendant exercised his judgment when he decided not to order an X ray on December 16. Consequently, the record provides a basis for the "error in judgment" charge even under the standard adopted by the majority.

Scudder, J., dissents and concurs in part with Kehoe, J., in the following Memorandum:

Scudder, J. (dissenting in part). I join with Justice Kehoe in his dissent in concluding that Supreme Court properly gave the "error in judgment" charge with respect to the method of David L. Gandell, M.D. (defendant) in suturing the incision wound of Valerie Martin (plaintiff). Plaintiffs' expert testified that suturing at the fascia was required to prevent the bowel from being drawn into the incision wound, although more invasive procedures were necessary to suture at the fascia. Plaintiffs' expert further testified that suturing at the skin was not within the standard of care to close the suture wound. Defendant's expert testified that suturing at the skin was the standard of care at the time the procedure was performed in 1993 and at the time of the trial in 1999; that attempting to suture at the fascia, which could not be visualized in a 10 millimeter trocar site, could result in harm to the patient; and that the instrumentation to permit a suture at the fascia of a 10 millimeter trocar site was not available in 1993. Defendant testified that suturing at the skin was the standard of care in 1993; that he utilized that method in closing the suture wound; and that he added a stitch at a point one third of the way into the three-inch incision in an attempt to prevent a collection of fluid that could result in an infection of the wound, a risk associated with plaintiff's obesity.

In my view, the majority improperly relies upon *Spadaccini v Dolan* (63 AD2d 110, 120-121) in concluding that the only issue is whether defendant deviated from the degree of care a reasonable physician would have exercised under the circumstances. The majority concludes that defendant failed to choose between two or more methods that are medically acceptable for the closing of a suture wound and thus that the jury should not have been instructed on the "error in judgment" charge. The defendant doctors in *Spadaccini* treated plaintiff's decedent in a manner differently from any of the treatment options that were testified to as medically acceptable treatment options by the parties' experts, and there is no indication that defendant doctors testified that their treatment of plaintiff's decedent was within the standard of care. In this case, however, evidence presented by defendant established that the method that he used to suture the incision wound was a medically acceptable method at the time the procedure was performed (*cf., Spadaccini v Dolan, supra,* at 120-121). Thus, *Spadaccini* is distinguishable from this case on its facts and, in my view, inapplicable.

The dispute in this medical malpractice action with respect to the surgical procedure is whether the closure of the incision

wound was properly done at the fascia or at the skin; adding a second stitch as a precautionary measure merely supplemented the closure at the skin and, contrary to the majority's conclusion, was not a third alternative to close the suture wound. The majority acknowledges that there was testimony concerning two alternatives to close the suture wound: stitching the wound at the fascia and stitching at the skin. In my view, the "error in judgment" charge was properly given; experts will rarely agree upon medically acceptable methods of treatment (*see, Capolino v New York Health & Hosps. Corp.,* 199 AD2d 173, 173-174) because in most medical malpractice cases, the method of treatment is the very essence of the malpractice allegation (*cf., Nestorowich v Ricotta,* 281 AD2d 870 [decided herewith]). In this case, as in *Capolino v New York Health & Hosps. Corp.* (*supra,* at 174), "[t]he acceptable courses had been testified to, though not all by any one witness, and it was possible for the jury to determine that there was indeed more than one course acceptable under the medical standards of the time of treatment." We have consistently approved the use of the "error in judgment" charge in these circumstances, i.e., where the parties' experts disagree with respect to medically acceptable methods (*see, Ellsworth v Chan,* 270 AD2d 811, *lv denied* 95 NY2d 757; *Haase v Cole,* 236 AD2d 860, 861, *lv denied* 90 NY2d 807; *Petko v Ghoorah,* 178 AD2d 1013, 1014).

The majority notes that defendant did not testify that he considered the alternatives before choosing the manner in which he stitched the incision. I agree with Justice Kehoe in his dissent that there is no requirement that defendant expressly state that he considered alternative methods. In any event, even assuming, arguendo, that there is such a requirement, I conclude that giving the charge without that testimony was harmless error (*see, Nestorowich v Ricotta, supra*). The verdict of no liability is necessarily based upon the jury's determination that defendant utilized a medically acceptable procedure, regardless of whether he considered two or more alternatives. (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.