■ NANCY NESTOROWICH, Individually and as Executrix of WALTER S. NESTOROWICH, Deceased, Appellant, v JOHN J. RICOTTA, M.D., Respondent, et al., Defendant. [727 NYS2d 833] —Judgment affirmed without costs. Memorandum: Contrary to plaintiff's contention, the verdict in favor of John J. Ricotta (defendant) in this medical malpractice action is based on legally sufficient evidence (*see generally, Cohen v Hallmark*

*Cards,* 45 NY2d 493, 499). In addition, the verdict is not against the weight of the evidence (*see, Duncan v Mount St. Mary's Hosp.,* 272 AD2d 862, 863; *see generally, Cohen v Hallmark Cards, supra,* at 498-499; *Nicastro v Park,* 113 AD2d 129, 132-133). Contrary to plaintiff's further contention, the trial testimony of defendant and his expert witness was not speculative. Considering the totality of their testimony, we conclude that the testimony "conveyed an assurance that it was not based on either supposition or speculation" (*Duncan v Mount St. Mary's Hosp.* [appeal No. 3], 272 AD2d 862, *lv denied* 95 NY2d 760; *see, John v City of New York,* 235 AD2d 210).

Supreme Court did not err in giving an "error in judgment" charge (*see,* PJI 2:150; *Capolino v New York City Health & Hosps. Corp.,* 199 AD2d 173, 173-174). Defendant and his expert testified that it was medically necessary to ligate decedent's blood vessels during surgery and that a risk associated with that procedure is the ligation of the renal artery, which can become caught in the tissue surrounding one of the ties used to ligate the blood vessels. As a result of defendant's decision to ligate the blood vessels, the renal artery was ligated. Plaintiff's expert disagreed that ligation of the renal artery is a risk associated with the ligation of the blood vessels and also testified that defendant could have controlled the bleeding with methods other than ligation.

There is no dispute that the ligation of the renal artery was not medically necessary or proper, but this is not a situation in which defendant purposefully ligated the renal artery. The decision to ligate the blood vessels, however, was one of two or more medically acceptable alternatives to control bleeding during an adrenalectomy, and the "error in judgment" charge therefore was properly given (*see,* 1A NY PJI 3d 701, caveat 2 [2001]; *cf., Grasso v Capella,* 260 AD2d 600, 601). If defendant had not chosen to ligate those blood vessels, the renal artery would not have been inadvertently ligated. However, "[t]he fact that there was a bad result to the patient, by itself, does not make the doctor liable. The doctor is liable only if [he] was negligent" (PJI 2:150). Without the "error in judgment" charge, the jury would have been left to conclude that defendant's decision to ligate those blood vessels constituted negligence because that decision ultimately resulted in the ligation of the renal artery (*see, Capolino v New York City Health & Hosps. Corp., supra,* at 174). Conversely, however, on these facts giving the "error in judgment" charge could not result in a verdict of no liability because it is undisputed that the ligation of the renal artery, the event that caused harm to decedent, was not a

medically acceptable alternative available to defendant in treating decedent (*cf., Capolino v New York City Health & Hosps. Corp., supra,* at 174).

Even assuming, arguendo, that the court erred in giving the charge, we conclude that any error is harmless. "An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (CPLR 2002; *see, La Lima v Fath,* 36 AD2d 923, 924, *lv denied* 29 NY2d 482). No substantial right of plaintiff was prejudiced because there was no evidence from which the jury could have found that ligating the renal artery was an acceptable medical procedure; thus, giving the "error of judgment" charge could not result in a verdict for defendant. Regardless of whether that charge was given, the jury was required to determine whether defendant was negligent in ligating the renal artery while ligating blood vessels.

All concur except Pigott, Jr., P. J., and Wisner, J., who dissent and vote to reverse in the following Memorandum:

Pigott, Jr., P. J., and Wisner, J. (dissenting). We respectfully dissent, and vote to reverse and grant plaintiff a new trial. In our view, Supreme Court erred in giving an "error in judgment" charge over plaintiff's objection. "That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives (*see,* 1A NY PJI 3d 701, caveat 2 [2001]; *see also, Grasso v Capella,* 260 AD2d 600, 601)" (*Martin v Lattimore Rd. Surgicenter,* 281 AD2d 866 [decided herewith]). This case does not fall within that narrow category.

"The 'error [in] judgment' charge implies the exercise of some judgment in choosing from among two or more available alternatives" (*Spadaccini v Dolan,* 63 AD2d 110, 120; *see, Martin v Lattimore Rd. Surgicenter, supra*). In this case, however, the evidence simply raised the issue whether defendant deviated from the degree of care that a reasonably prudent physician would have exercised under the same circumstances, and therefore an "error in judgment" charge with respect to the manner in which defendant performed the surgical procedure was improper (*see, Martin v Lattimore Rd. Surgicenter, supra*). In addition, on the facts of this case, we cannot agree with the majority that giving the "error in judgment" charge was harmless error. (Appeal from Judgment of Supreme Court, Erie County, Dillon, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.