■ JOSEPH P. POMICHTER et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Appeal No. 1.) [744 NYS2d 280] —Appeal from a judgment of Supreme Court, Erie County (Sedita, Jr., J.), entered May 15, 2001, upon a jury verdict rendered in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict awarding plaintiffs damages for injuries sustained by Joseph P. Pomichter (plaintiff) in May 1997 while replacing a coaxial cable coiled around a guy wire running horizontally between two buildings owned by plaintiff. The guy wire, which was approximately 13 feet above the ground, ran perpendicular to 115,000-volt power lines that were approximately 25 feet above the ground. Plaintiff installed the

guy wire and coaxial cable in 1990 without obtaining defendant's permission, and defendant did not discover the hazard created by the proximity of the guy wire to the power lines during regular inspections of its lines. Plaintiff severely burned his right hand when the coaxial cable was thrown over the guy wire, creating an electrical arc.

Defendant contends that Supreme Court erred in denying its motion to set aside the verdict as against the weight of the evidence because plaintiff was injured while voluntarily engaged in an activity that he knew presented a clear danger to himself. We disagree. "Power companies have an affirmative duty to exercise reasonable care in the operation and maintenance of their power lines and there is a correspondingly higher duty of care owed as higher voltages are transported" (*Holtz v Niagara Mohawk Power Corp.*, 147 AD2d 857, 858, citing *Miner v Long Is. Light. Co.*, 40 NY2d 372, 378-379). A fair interpretation of the evidence supports a finding that defendant breached that duty by failing to discover the unsafe clearance of its high voltage power lines. Issues of proximate cause and the foreseeability of intervening events arising from plaintiff's attempt to replace the coaxial cable were for the jury to resolve, and it cannot be said that the verdict is not supported by any fair interpretation of the evidence (*see DaBiere v Craig*, 284 AD2d 885, 885-886; *Noviczski v Homeyer*, 238 AD2d 860, 861-862). Contrary to defendant's contention, *Troidle v Adirondack Power & Light Corp.* (252 NY 483) is distinguishable from this case because in that case there was no evidence that the clearance of the power lines was a hazard.

Defendant further contends that the court erred in instructing the jury pursuant to PJI3d 2:200 (2001) (now PJI3d 2:200 [2002]). The general objection by defendant to that charge is insufficient to preserve for our review defendant's present contention that the charge was not applicable because defendant's alleged negligence did not arise from the installation of the power lines (*see* CPLR 4110-b; *Ellsworth v Chan*, 270 AD2d 811, 811-812, *lv denied* 95 NY2d 757). Nor did defendant preserve for our review its further contention that the court erred in failing to instruct the jury that plaintiff's violation of Labor Law § 202-h may be considered as evidence of negligence (*see* PJI3d 2:29 [2001] [now PJI3d 2:29 (2002)]). We reject defendant's additional contention that the court erred in instructing the jury with respect to the duty of defendant to persons on property adjoining its right of way (*see* PJI3d 2:110 [2001] [now PJI3d 2:110 (2002)]). Finally, we conclude that any error arising from the jury's viewing of a videotape of the area

where the accident occurred did not prejudice a substantial right of defendant and thus is disregarded (*see* CPLR 2002). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.