■ ROBERT J. VANDERPOOL et al., Appellants, v ADIRONDACK NEUROSURGICAL SPECIALISTS, P.C., et al., Respondents, et al., Defendant. (Appeal No. 2.) [846 NYS2d 832]—

Appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered August 30, 2006. The judgment, upon a jury verdict, dismissed the complaint against defendants Adirondack Neurosurgical Specialists, P.C. and Walter G. Rusyniak, Jr., M.D.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the verdict is set aside, the complaint against defendants Adirondack Neurosurgical Specialists, P.C. and Walter G. Rusyniak, Jr., M.D. is reinstated and a new trial is granted against those defendants.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert J. Vanderpool (plaintiff) as the result of the alleged malpractice of, inter alia, Walter G. Rusyniak, Jr., M.D. (defendant). At trial, plaintiffs' experts testified that defendant deviated from accepted standards of care by failing to diagnose plaintiff's bilateral pars defect, which was evident from X rays and an MRI, prior to performing spinal surgery without fusion. Plaintiffs' experts further testified that, as the result of the failure to diagnose the bilateral pars defect, defendant performed a surgical procedure that destabilized plaintiff's spine, causing further injury and requiring corrective surgery. The jury returned a verdict finding that defendant was not negligent.

We agree with plaintiffs that Supreme Court erred in giving

an "error in judgment" charge over their objection (*see* PJI 2:150). "That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives" (*Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866, 866 [2001]; *see Spadaccini v Dolan*, 63 AD2d 110, 120 [1978]), and this case does not fall within that narrow category.

Plaintiffs' theory of liability against defendant was that he failed to adhere to accepted medical standards because he failed to diagnose plaintiff's bilateral pars defect, which resulted in his failure to consider the necessity for fusion. Although defendant testified that he considered fusion, he did not testify why he did so or that he was aware of the bilateral pars defect, and his exercise of judgment in treating plaintiff was based upon an inaccurate diagnosis of plaintiff's condition (*see generally Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 139-141 [2007]). Because plaintiffs' theory of defendant's alleged malpractice arises from defendant's alleged lack of due care in assessing plaintiff's condition, the issue before the jury was whether defendant's failure to diagnose plaintiff's bilateral pars defect constituted a deviation from medically accepted standards of care. "That being the case, an instruction that the physician 'is not liable for an error in judgment if [he or she] does what [he or she] decides is best,' even if accompanied by the 'reasonably prudent doctor' language . . . , creates a risk that a jury will find that, because a physician exercised his or her best judgment, there can be no liability despite a failure to adhere to generally accepted standards of care" (*id.* at 141; *see Nestorowich v Ricotta*, 97 NY2d 393, 399-400 [2002]). Contrary to defendant's contention, we conclude that the error in giving the charge cannot be deemed harmless (*see Anderson*, 44 AD3d at 141-142; *cf. Nestorowich*, 97 NY2d at 400-401). Plaintiffs, therefore, are entitled to a new trial. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.