This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 79
Dryden Mutual Insurance Company,
          Appellant,
        v.
Stanley Goessl, et al.,
          Defendants,
AP Daino & Plumbing, Inc. et al.,
          Respondents.


          Peter W. Knych, for appellant.
          Jessica L. Foscolo, for respondents.


MEMORANDUM:

          The order of the Appellate Division should be affirmed,
with costs.

          In this insurance coverage dispute, plaintiff Dryden

- 1 -

Mutual Insurance Company (Dryden Mutual) seeks a declaratory judgment that it does not have a duty to defend and indemnify defendant Stanley Goessl in an underlying tort action. Dryden also seeks a declaration that defendant Main Street America Group (Main Street) has a duty to defend and indemnify Goessl. To determine which insurance policy provides coverage to Goessl, the courts below were required to apply principles of contract interpretation to the insurance policies (see Matter of Covert, 97 NY2d 68, 76 [2001]). In doing so, a factual question arose and the lower courts reached opposite conclusions, based on their own findings of fact, as to whether Dryden Mutual or Main Street has a duty to defend and indemnify Goessl.

Where, as here, the Appellate Division makes new factual findings and reverses the trial court's factual findings, we must determine which court's findings "more nearly comport with the weight of the evidence" (Oelsner v State of New York, 66 NY2d 636, 637 [1985]). Upon review of the record, we conclude that the Appellate Division's factual findings more nearly comport with the weight of the evidence. Therefore, Dryden Mutual has a duty to defend and indemnify Goessl in the underlying tort action and Main Street has no such duty.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur. Judge Fahey took no part.

Decided June 7, 2016