■ MICHELE LACQUA, as Executrix of PHILIP LACQUA, Deceased, Appellant, v ROBERT SILICH, M.D., Respondent. [35 NYS3d 488]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Minardo, J.), entered December 5, 2013, which, upon a jury verdict, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new trial.

The plaintiff's decedent, Philip Lacqua, commenced this action in 2003 to recover damages for medical malpractice against the defendant, Robert Silich, who at all relevant times was a general surgeon. The plaintiff's decedent alleged that the defendant failed to timely diagnose a lump in his left breast as cancerous, thereby allowing it to grow, ultimately requiring the decedent to undergo a radical mastectomy and chemotherapy that caused damage to his heart. After a trial, the jury found that the defendant did not "depart from accepted standards of medical practice by not ordering any diagnostic studies and/or biopsies upon [the plaintiff's decedent] on January 10, 2002." Judgment was entered accordingly, dismissing the complaint against the defendant. The plaintiff appeals.

The plaintiff's contention that the Supreme Court committed reversible error by denying her request for a missing witness charge with respect to the defendant's former office employees, including his wife, is without merit. "No negative inference can be drawn from a party's failure to call a former employee inasmuch as such a person is not within that party's control" and, therefore, a missing witness charge is not appropriate under such circumstances (*Zeeck v Melina Taxi Co.*, 177 AD2d 692, 694 [1991]; *see Pope v 818 Jeffco Corp.*, 74 AD3d 1163, 1164-1165 [2010]). With respect to the defendant's wife, while she is deemed to be within the defendant's control (*cf. People v Gonzalez*, 68 NY2d 424, 430 [1986]; *People v Rodriguez*, 38 NY2d 95, 98 n 1 [1975]), there is no indication that she possessed information on a material issue, and, therefore, a missing witness charge was not warranted (*see DeVito v Feliciano*, 22 NY3d 159, 165-166 [2013]; *Matter of Adam K.*, 110 AD3d 168, 177 [2013]).

A new trial is nevertheless required because the Supreme Court erred in giving an "error in judgment" charge (PJI 2:150) over the plaintiff's objection. "That charge is appropriate only

in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives" (*Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866, 866 [2001]; *see Nestorowich v Ricotta*, 97 NY2d 393, 399 [2002]; *Brault v Kenmore Mercy Hosp.*, 142 AD2d 945 [1988]). Contrary to the defendant's contention, this case does not present a choice between one of two or more medically acceptable alternative treatments or techniques (*see e.g. Beebe v St. Joseph's Hosp. Health Ctr.*, 121 AD3d 1536 [2014]; *Lenzini v Kessler*, 48 AD3d 220, 220-221 [2008]). Rather, the defendant testified that he diagnosed the decedent, in January of 2002, with a benign condition "that was not urgent," and he neither suspected cancer nor considered the option of sending the decedent for further diagnostic testing. Thus, the case presented the jury with the straightforward question of whether the defendant deviated from the applicable standard of care in diagnosing the decedent with a benign condition in January of 2002, and the "error in judgment" charge was not warranted (*see e.g. Vanderpool v Adirondack Neurosurgical Specialists, P.C.*, 45 AD3d 1477 [2007]; *Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135 [2007]). Moreover, under the circumstances presented, the error in giving the charge was not harmless (*compare Nestorowich v Ricotta*, 97 NY2d at 400-401, *and Nelson v Schwartz*, 90 AD3d 626, 627 [2011], *with Vanderpool v Adirondack Neurosurgical Specialists, P.C.*, 45 AD3d at 1478, *and Anderson v House of Good Samaritan Hosp.*, 44 AD3d at 141-142). Accordingly, we must reverse the judgment and order a new trial.

In light of our determination, we need not consider whether the verdict was contrary to the weight of the evidence. The plaintiff's remaining contentions are without merit. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from a judgment of the Supreme Court, Richmond County, entered December 5, 2013, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 15, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, the following portions of

the appellant's reply brief are stricken: (a) line 10 on page 11 beginning with the word " 'Patient' "; (b) line 8 on page 16 beginning with the word "Silich," and continuing through line 9 on page 16; (c) line 1 on page 17 beginning with the word "Silich," and continuing through line 2 on page 17; (d) references on pages 16 and 17 to a December 13, 2013, conference; and (e) the portion of the first sentence of the second paragraph on page 18 beginning with the word "Silich's" and ending with the word "proceedings," and that material has not been considered in the determination of the appeal. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.