# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 78
Laura DiLorenzo,
        Appellant,
    v.
Windermere Owners LLC, et al.,
        Respondents.

Marc Bogatin, for appellant.
Richard B. Feldman, for respondents.

MEMORANDUM:

The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that Court.

- 1 -

Plaintiff limits her appeal to whether defendants met their burden to prove that improvements made to her apartment immediately prior to her tenancy satisfied the useful life requirement set forth in Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (11) and Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-511 (c) (13), justifying a rent increase sufficient to exempt plaintiff's apartment from rent stabilization pursuant to the luxury decontrol provision found in former Administrative Code of City of NY § 26-504.2.[*]

Because plaintiff expressly raised the useful life issue in her pretrial memorandum, it was not waived. Supreme Court found that defendants failed to meet their burden to prove that the improvements in question satisfied the useful life requirement. To the extent the Appellate Division's contrary conclusion was based upon new factual findings, we conclude that the trial court's findings "more nearly comport with the weight of the evidence" (*Dryden Mut. Ins. Co. v Goessl*, 27 NY3d 1050, 1051 [2016], quoting *Oelsner v State of New* York, 66 NY2d 636, 637 [1985]; *see also* CPLR 5501 [b]).

Order reversed, with costs, and case remitted to the Appellate Division, First Department, for consideration of issues raised but not determined on the appeal to that Court, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided November 19, 2020

---

[*] Plaintiff does not challenge the Appellate Division's conclusion that defendants substantiated more than $78,000 of improvements to the apartment.