Curran v JJML, Inc. (2025 NY Slip Op 04356)

Curran v JJML, Inc.

2025 NY Slip Op 04356

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

495 CA 24-00708

[*1]EDWARD CURRAN, PLAINTIFF-RESPONDENT,
v
JJML, INC., DOING BUSINESS AS NORTHSTAR MANAGEMENT, JJML CONSTRUCTION, INC., DOING BUSINESS AS NORTHSTAR MANAGEMENT, AND NORTHSTAR MANAGEMENT, DEFENDANTS-APPELLANTS. —————————————————————————- JJML, INC., DOING BUSINESS AS NORTHSTAR MANAGEMENT, JJML CONSTRUCTION, INC., DOING BUSINESS AS NORTHSTAR MANAGEMENT, AND NORTHSTAR MANAGEMENT, THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS, 
 ELMER W. DAVIS, INC., AND ELMER W. DAVIS OF CENTRAL NY, LLC, THIRD-PARTY DEFENDANTS-APPELLANTS-RESPONDENTS. 

MCGIVNEY KLUGER CLARK & INTOCCIA, P.C., SYRACUSE (ROBERT J. CONNOR, JR., OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-APPELLANTS-RESPONDENTS.
RUPP PFALZGRAF LLC, ROCHESTER (KEVIN J. FEDERATION OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS.
DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered April 23, 2024 in a personal injury action. The order, inter alia, denied the motion of third-party defendants for summary judgment and denied in part the motion of defendants-third-party plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendants-third-party plaintiffs seeking summary judgment dismissing the first cause of action in the amended complaint, dismissing that cause of action, and seeking summary judgment on the first cause of action in the third-party complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on an exterior deck attached to commercial office space occupied by his employer, third-party defendant Elmer W. Davis, Inc. (Davis) and owned by defendants-third-party plaintiffs, JJML, Inc., doing business as Northstar Management, JJML Construction, Inc., doing business as Northstar Management, and Northstar Management (JJML defendants). The uncovered deck was attached to the second floor of the office occupied by Davis and was accessible by a door in the kitchenette area. Although there were other tenants in the building, the deck was used exclusively by employees of Davis, and personnel of the JJML defendants could not access the deck without going through Davis's office.
The accident occurred shortly after plaintiff arrived for work early one morning and noticed that the roof was leaking, causing water to drip on to the floor in the kitchenette area. Suspecting that a tree limb or branch might have fallen on the roof and caused the leak, plaintiff stepped out on the deck to look at the roof. It was raining hard that morning, and plaintiff slipped and fell almost immediately after stepping onto the deck, sustaining injuries in the process. According to plaintiff, he slipped on a thin veneer of green moss or algae that had accumulated on the deck and created a dangerous condition when wet.
In his amended complaint, plaintiff asserted causes of action for, inter alia, common-law negligence and violation of Labor Law
§§ 200, 240 (1), and 241 (6). The JJML defendants thereafter commenced a third-party action against Davis and third-party defendant Elmer W. Davis of Central NY, LLC (collectively, Davis defendants), asserting causes of action for contractual and common-law indemnification.
Following discovery, the Davis defendants moved for summary judgment dismissing the third-party complaint on the ground that they were not negligent and that the JJML defendants were solely responsible for maintaining the deck. The JJML defendants moved for summary judgment dismissing the amended complaint and for summary judgment on the third-party complaint. Plaintiff abandoned his causes of action under Labor Law §§ 240 (1) and 241 (6), but otherwise opposed the JJML defendants' motion, leaving only the common-law negligence and Labor Law § 200 causes of action in dispute in the first-party action. Supreme Court denied the motion of the Davis defendants in its entirety and denied the motion of the JJML defendants except insofar as they sought summary judgment dismissing the causes of action under Labor Law §§ 240 (1) and 241 (6). The Davis defendants and the JJML defendants both appeal.
Contrary to the JJML defendants' contention on their appeal, we conclude that the court properly denied that part of their motion for summary judgment dismissing plaintiff's fourth cause of action, for negligence. Although "[m]ere wetness on walking surfaces due to rain does not constitute a dangerous condition" for which premises liability may attach (McGuire v 3901 Independence Owners, Inc., 74 AD3d 434, 435 [1st Dept 2010]; see Grinberg v Luna Park Hous. Corp., 69 AD3d 793, 793 [2d Dept 2010]), the JJML defendants failed to establish as a matter of law that plaintiff's injuries were caused only by rainwater on the deck as opposed to accumulated moss or algae made more slippery by rain. The JJML defendants also failed to establish as a matter of law that they lacked constructive notice of the allegedly dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Here, although the JJML defendants submitted the deposition testimony of plaintiff, who stated that he did not notice the moss on the deck before his accident, they also submitted deposition testimony from a former Davis employee who testified that it was "pretty typical" for the deck to have a moss-like substance on its surface. Because "the record contains conflicting accounts as to the visibility" of the moss (Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420 [3d Dept 2022]), we conclude that the JJML defendants are not entitled to summary judgment on the ground that the moss was not "visible and apparent" so as to permit constructive notice.
We agree with the JJML defendants, however, that the court should have granted that part of their motion with respect to plaintiff's first cause of action, asserting a claim under Labor Law § 200, and we therefore modify the order accordingly. Section 200 of the Labor Law states the general duty to protect the health and safety of employees and "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). "Employee" is defined for Labor Law purposes as "a mechanic, workingman or laborer working for another for hire" (§ 2 [5]). Plaintiff was not hired to fix the JJML defendants' roof and was not otherwise engaged in construction or manufacturing work at the time of the accident. Instead, he went to the office on the morning of his accident to perform "administrative tasks." We thus conclude that plaintiff "was not within the class of workers that those statutory provisions were enacted to protect" (Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109 [1991]). Essentially, this is a premises liability case, not a Labor Law case.
We further agree with the JJML defendants that the court erred in denying that part of their motion for summary judgment on the first cause of action in the third-party complaint, for contractual indemnification, and we therefore further modify the order accordingly. Under the terms of the lease, the Davis defendants agreed to indemnify the JJML defendants for any claim that arose from "the conduct or management of [Davis's] business . . . or from any act of negligence" by Davis or its agents "in or about the leased premises." Regardless of whether Davis was negligent, the claim here arose from the conduct of Davis's business inasmuch as plaintiff slipped and fell in the Davis office space while employed by Davis. We therefore conclude that, under the terms of the lease, Davis was "obligated to defend and indemnify [the JJML defendants] in the underlying action" (Dryden Mut. Ins. Co. v Goessl, 117 AD3d 1512, 1514 [4th Dept 2014], affd 27 NY3d 1050 [2016]).
We have reviewed the Davis defendants' contentions on their appeal and conclude that the court properly denied their motion in its entirety.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court