Burns v Sobieraj

2026 NY Slip Op 02537

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

ERIC C. BURNS AND HEATHER S. BURNS, PLAINTIFFS-APPELLANTS,

v

VOYTEK W. SOBIERAJ, M.D., AND ASSOCIATED RADIOLOGISTS OF THE FINGER LAKES, P.C., DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

191 CA 24-01898

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

PORTER LAW GROUP, SYRACUSE (MICHAEL S. PORTER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C., BINGHAMTON (RACHEL E. MILLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from a judgment of the Supreme Court, Steuben County (Jason L. Cook, J.), entered October 16, 2024, in a medical malpractice action. The judgment dismissed the complaint upon a jury verdict.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the complaint is reinstated against defendants, and a new trial is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Eric C. Burns (plaintiff) as the result of the alleged malpractice of defendant Voytek W. Sobieraj, M.D. At trial, plaintiffs' expert testified that Sobieraj deviated from medically acceptable treatment standards when reviewing a series of X-rays taken of plaintiff's lungs by failing to identify an abnormality as potentially cancerous. The jury returned a verdict finding that Sobieraj was not negligent. We agree with plaintiffs that reversal is required because Supreme Court improperly gave an error in judgment charge (see PJI 2:150).

"[A]n error [in] judgment charge is appropriate in a case where a doctor is confronted with several alternatives and, in determining appropriate treatment to be rendered, exercises [their] judgment by following one course of action in lieu of another" (Anderson v House of Good Samaritan Hosp., 44 AD3d 135, 139 [4th Dept 2007] [internal quotation marks omitted]; see Spadaccini v Dolan, 63 AD2d 110, 120 [1st Dept 1978]). However, such a charge should be given "only in a narrow category of medical malpractice cases in which there is evidence that [the] defendant physician considered and chose among several medically acceptable treatment alternatives" (Mancuso v Kaleida Health, 172 AD3d 1931, 1935 [4th Dept 2019], affd 34 NY3d 1020 [2019] [internal quotation marks omitted]; see Nestorowich v Ricotta, 97 NY2d 393, 399 [2002]; Martin v Lattimore Road Surgicenter, Inc., 281 AD2d 866, 866 [4th Dept 2001]). An error in judgment charge is not warranted where, as here, there was no evidence introduced at trial that the defendant physician "made a choice between or among medically acceptable alternatives" (Anderson, 44 AD3d and 140), and the "plaintiffs' [sole] theory of [the] defendant's alleged malpractice ar[ose] from [the] defendant's alleged lack of due care in assessing [the] plaintiff's condition," inasmuch as "the [sole] issue before the jury was [then] whether [the] defendant's failure to diagnose [the] plaintiff's [condition] constituted a deviation from medically accepted standards of care" (Vanderpool v Adirondack Neurosurgical Specialists, P.C., 45 AD3d 1477, 1478 [4th Dept 2007]; see Lacqua v Silich, 141 AD3d 690, 692 [2d Dept 2016]). Inasmuch as the error in judgment charge here "create[d] a risk that [the] jury w[ould] find that, because [Sobieraj] exercised his . . . best judgment, there can be no liability despite a failure to adhere to generally accepted standards of care," we conclude that the court's error in [*2]giving the charge cannot be deemed harmless (Anderson, 44 AD3d at 141; see Rospierski v Harr, 59 AD3d 1048, 1049-1050 [4th Dept 2009]; Vanderpool, 45 AD3d at 1478), and plaintiffs are thus entitled to a new trial.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court