■ PATRICIA RUYACK, Respondent, v. ETHEL RUYACK, Defendant, and JAMES B. EDMONDS, Appellant.— In a negligence action to recover damages for personal injuries, defendant Edmonds appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated October 2, 1972, as, in denying plaintiff's motion to strike said defendant's answer for his failure to appear at an examination before trial, conditioned the denial upon said defendant's attorneys scheduling a date for the examintaion on or before November 3, 1972 and paying $100 costs to plaintiff's attorneys. Order modified by (1) striking from the first decretal paragraph thereof (which conditionally denied the motion) everything after the word "denied" and (2) striking therefrom the second decretal paragraph (which granted plaintiff leave to renew the motion "in the event of a default of" said defendant) and substituting therefor the following: "Ordered that in the event that defendant James B. Edmonds does not submit himself to examination before trial by plaintiff at least 30 days before the trial he shall be precluded from testifying at the trial." As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the conditions imposed by Special Term were an improvident exercise of discretion and the motion should have been denied, with the sanction of conditional preclusion as provided for herein. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ BENNIE SANABRIA, as Administrator of the Estate of MARIA L. SANABRIA, Deceased, and BABY BOY SANABRIA, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering of plaintiff's wife and newborn infant son, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered March 27, 1972, in favor of defendant, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to appellant to abide the event. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The trial court did not charge the jury as to the professional care owed by defendant's employee, a physician, to plaintiff's intestates. Instead, it erroneously defined this duty in terms of what a reasonably prudent person would have done in the circumstances, rather than what a reasonably prudent physician would have done. The jury interrupted its deliberations to ask the court to define and interpret negligence in respect to this case. The court repeated its charge on the subject and the jury then resumed its deliberations, which were later adjourned to the following day. On the latter date, upon the reconvening of the court, the jury requested a rereading of the court's original charge. The charge was then reread to the point where one of the jurors said that it was enough. Thereafter the jury found for defendant by a vote of 10 to 2. It is thus apparent that the jury was confused (cf. *Clark* v. *Donovan,* 34 A D 2d 1099); and, in our opinion, a new trial is required in the interests of justice (cf. *U. S. Vitamin & Pharm. Corp.* v. *Capitol Cold Stor. Co.,* 21 A D 2d 661). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.