■ THOMAS J. CARECCIA, Appellant, v EDWIN A. ENSTROM et al., Defendants, and COUNTY OF ROCKLAND, Respondent. [622 NYS2d 770] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated September 1,

1992, which, upon a jury verdict, is against him and in favor of the defendant County of Rockland.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Thomas J. Careccia, was a 21-year-old college student traveling home on his motorcycle from an evening class when he collided with an automobile driven by the defendant Edwin Enstrom. Careccia brought this negligence action against Enstrom, the Town of Orangetown, and the County of Rockland. Enstrom and the Town settled with the plaintiff before the case was submitted to the jury. The jury found that the County was negligent, but nonetheless found that this negligence was not a proximate cause of the accident.

Contrary to the plaintiff's contention, the trial court did adequately respond to the jury's question as to whether "a proximate cause" meant that a defendant's negligence had to be more than 50% of the cause of the accident, or whether it could be any percentage. Although the court stated that it could not answer the question in terms of percentages, the jury's question was specifically answered when the court twice instructed that there could be more than one proximate cause (cf., Schwabach v Beth Israel Med. Ctr., 72 AD2d 308, 312; Sanabria v City of New York, 42 AD2d 615).

Nor do we find that the jury's verdict was against the weight of the evidence. It is well settled that a jury verdict in favor of the defendant should not be set aside unless "the jury could not have reached its conclusions on any fair interpretation of the evidence" (Nicastro v Park, 113 AD2d 129, 134). Here, notwithstanding the testimony of the plaintiff's several witnesses who testified that the County failed to correct a traffic situation that was known to be hazardous, based upon all the evidence adduced, the jury could have decided that Enstrom, the driver, was entirely at fault for the happening of this accident.

We reject the plaintiff's contention that the verdict should have been set aside because the only juror to vote against the County on the issue of proximate cause alleged that there was juror misconduct, i.e., that one of the other jurors visited the scene of the accident. Absent exceptional circumstances a juror's testimony on affidavit may not be used to attack a jury verdict (see, Kaufman v Lilly & Co., 65 NY2d 449, 460; People v De Lucia, 20 NY2d 275; Russo v Jess R. Rifkin, D.D.S., P. C., 113 AD2d 570, 574). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.