■ RONALD REID, as Executor of CICILINE REID, Deceased, Respondent, v STEPHEN BHARUCHA, M.D., Defendant, and MONTEFIORE MEDICAL CENTER, Appellant. [2 NYS3d 799]—Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 27, 2014, which, to the extent appealed from as limited by the briefs, denied defendant Montefiore Medical Center's motion to vacate the liability verdict and direct a verdict or dismiss the complaint, or vacate the award for pain and suffering, or allocate certain of the decedent's medical expenses, unanimously modified, on the facts, the award for pain and suffering vacated, and the matter remanded for a new trial solely on the issue of damages for future pain and suffering, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to reduce that award to $2,000,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff's decedent was diagnosed with lymphoma in December of 2002. Cancerous masses were located on her liver and spleen, and the disease had reached her bone marrow. Defendant Montefiore Hospital had provided medical care to the decedent, including treating her for swollen lymph nodes in the neck in the summer of 2002.

The jury's verdict that defendant's employees were negligent in not diagnosing the decedent's lymphoma until after November 15, 2002, and that such negligence was a substantial factor in causing decedent's injury, was supported by legally sufficient evidence and was not against the weight of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 205-206 [1st Dept 2004]). The testimony of plaintiff's expert on causation that if the physicians at Montefiore had performed a biopsy during the July 28, 2002 admission and thereafter followed the decedent closely for lymphoma, the cancer could have been detected sooner, was neither speculative nor contrary to the evidence (*see Carnovali v Sher*, 121 AD3d 552 [1st Dept 2014]; *Feldman v Levine*, 90 AD3d 477 [1st Dept 2011]). The experts' competing opinions on causation and the progres-

sion of the disease present an issue of fact for the jury to decide (*see Polanco v Reed*, 105 AD3d 438, 441 [1st Dept 2013]).

The award of $2,400,000 for pain and suffering for one year of additional cancer treatment deviates materially from reasonable compensation to the extent indicated (CPLR 5501 [c]). Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.