■ Suzanne Meyer et al., Appellants, v Saint Francis Hospital, Poughkeepsie, New York, Respondent. [55 NYS3d 539]—

Clark, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered September 4, 2015 in Ulster County, upon a verdict rendered in favor of defendant.

From December 20, 2008 through January 21, 2009, plaintiff Suzanne Meyer was admitted to the intensive care unit at defendant's facility for care and treatment after undergoing surgery to address a large perforation to the sigmoid colon, which had caused fecal matter to freely leak into the abdomen. During the course of her stay in the intensive care unit, Meyer developed pressure sores on her buttocks and coccyx. On January 22, 2009, Meyer was transferred to Albany Medical Center for further treatment relating to her perforated colon, at which time she was determined to have developed advanced pressure sores on her buttocks and sacral areas. Meyer ultimately underwent numerous surgical procedures to address these pressure sores. Thereafter, Meyer and her husband, derivatively, commenced this negligence action against defendant, alleging that the care and treatment provided to Meyer was not in accordance with good and accepted medical standards. Following a trial, the jury rendered a verdict in favor of defendant. Supreme Court subsequently issued a judgment dismissing the action, and plaintiffs now appeal.

Plaintiffs argue that Supreme Court failed to adequately respond to the jury's request for clarification as to the meaning of "care and treatment," as that phrase was used in question number one of the verdict sheet.* At trial, plaintiffs advanced a theory of liability premised upon defendant's failure to exercise reasonable care to prevent the development of pressure sores and to care for and treat the pressure sores that ultimately developed. Plaintiffs specifically claimed that defendant's employees failed to provide particular interventions—including turning Meyer every two hours—set forth in defendant's policies and protocols relating to the prevention and treatment of pressure sores, and that such failure could be inferred from the absence of any documentation noting that the required interventions had been provided.

In its charge to the jury, Supreme Court properly explained that defendant was "under a duty of care to use reasonable care in providing care and treatment to patients through its employees" and that "reasonable care" meant the "degree of care customarily used by general hospitals through their em-

---

* In particular, question number one stated, "Was . . . defendant . . . , or its employee(s), negligent in its care and treatment of Suzanne Meyer?"

ployees in providing care and treatment to their patients." The court further stated, "There has been testimony at trial that [defendant] failed to comply with its own policies. If you find that [defendant] did fail to comply with its own policies, you may consider the failure as some evidence of negligence on the part of [defendant], along with the other evidence in this case, provided further that the failure was a substantial factor in causing [Meyer's] injury."

Sometime after the jury retired to deliberate, Supreme Court received a note from the jury that stated, "We the jury ask for a clear explanation of 'care & treatment' as stated in Q #1 of the Exhibit #7. Does 'care & treatment' include paperwork/documentation & policy? Or only the physical 'care & tx' given?" Outside the presence of the jury, the court read the jury note aloud to counsel and solicited comments as to how to respond. The court proposed and considered various possible responses—none of which were acceptable to counsel for both parties—before ultimately concluding that the jury was asking whether the alleged lack of documentation, in and of itself, constituted negligence. Defendant's counsel disagreed, and the following colloquy took place:

"THE COURT: What I am simply going to tell them is that the failure to, the failure to document records, as plaintiff[s] contend[ ], is not in and of itself negligence here. I think that's really what they are asking.

"[PLAINTIFFS' COUNSEL]: Your Honor, I would take an exception to that. I think part of the proof is that not only was it—the documentation is evidence they did not do what they claimed they did.

"THE COURT: That's why there is going to be the next question. I think that's a fair description. You guys can have an exception. It's time to move ahead. I don't see—what I originally proposed saying is that I will say both things. I will say its not negligence in and of itself. I will say . . . plaintiff[s] put forth this information as evidence of actual deficiencies in the physical care and treatment and that is, that is what it was. I mean, you know.

"[DEFENDANT'S COUNSEL]: Judge, I think they have the instruction as to proximate cause and that perhaps the [c]ourt could remind them or direct them back to the instruction as to proximate cause with regard to the documentation itself. If they find that the lack of documentation is the proximate cause, then so be it, but if that's really what they are asking, what they are saying is, was the failure to document in and of itself a departure, then I think directing them back to that instruction.

"THE COURT: We could hold a half hour seminar, go back to law school. I am bringing the jury in. I am going to tell them what I fashioned."

The jury was then brought back into the courtroom and, rather than providing the response discussed—albeit, not clearly—outside of the jury's presence, Supreme Court merely stated, "Care and treatment includes only the physical treatment and care given. Okay? Is that clear? Okay." Plaintiffs' counsel repeatedly objected to the response given as inadequate and, after the jury returned a verdict roughly 10 to 15 minutes later, he again objected to the response on the grounds that it misled the jury and that the response actually given was different than what had been discussed beforehand.

In our view, in addition to Supreme Court's failure to respond in the manner it had discussed with counsel, the response given did not fully or adequately answer the multiple questions asked by the jury. Indeed, the jury note requested "a clear explanation of 'care and treatment,'" and also asked whether "'care and treatment' include[d] paperwork/documentation & policy? Or only the physical 'care & tx' given?" Importantly, the question of whether "'care and treatment' include[d] paperwork/documentation & policy?" was written by the jury as a stand alone question. The jury's multiple questions clearly demonstrated that the jurors were confused as to whether, and in what manner, they were permitted to consider the alleged lack of documentation in determining whether defendant deviated from the standard of care. By failing to provide clarification on this point and by stating, matter-of-factly, that care and treatment included only the physical treatment and care given, Supreme Court precluded the jury from fairly considering a critical issue presented at trial (*see Kayser v Sattar*, 57 AD3d 1245, 1247-1248 [2008]; *Schwabach v Beth Israel Med. Ctr.*, 72 AD2d 308, 312 [1980]; *compare Careccia v Enstrom*, 212 AD2d 658, 659 [1995]). Accordingly, in view of the foregoing, as well as the fact that the jury returned a 5-1 verdict in favor of defendant on the first question on the verdict sheet, we reverse the judgment and direct a new trial (*see Maiorani v Adesa Corp.*, 83 AD3d 669, 673 [2011]; *Sanabria v City of New York*, 42 AD2d 615, 615 [1973]).

In light of our holding, plaintiffs' remaining arguments have been rendered academic.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.