Rudle v Shifrin (2020 NY Slip Op 02487)





Rudle v Shifrin


2020 NY Slip Op 02487


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2015-03149
 (Index No. 6952/11)

[*1]Ludmila Rudle, respondent, 
v
Gregory Shifrin, etc., et al., appellants.


Pilkington & Leggett, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 8, 2014. The order denied the defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability in the interest of justice and for a new trial or, in the alternative, to set aside a jury verdict on the issue of damages for future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to a reduction of the damages awarded for future pain and suffering.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial is granted, the motion is otherwise denied as academic, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
On September 4, 2010, the defendant Gregory Shifrin (hereinafter the defendant) examined the plaintiff, who was complaining of lower abdominal pain. The plaintiff disclosed that she had a history of uterine fibroids and had experienced menopause. The defendant's examination revealed a mass in the plaintiff's uterus for which he recommended that the plaintiff undergo a dilation and curettage procedure (hereinafter D & C). On September 11, 2010, the defendant performed a D & C on the plaintiff in his office. During the D & C, the plaintiff's uterus and bowel were punctured.
Thereafter, the plaintiff commenced this medical malpractice action against the defendant, among others. The plaintiff alleged that the defendant departed from good and accepted medical practice in the manner in which he performed the D & C.
A jury trial resulted in a verdict in the plaintiff's favor on the issue of liability and awarding damages, including an award of $400,000 for future pain and suffering for a period of five years. The defendants moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial or, in the alternative, to set aside the jury verdict [*2]on the issue of damages for future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to a reduction of the damages awarded for future pain and suffering. The Supreme Court denied the defendants' motion. The defendants appeal.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Russo v Levat, 143 AD3d 966, 968; see Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1231). "In considering such a motion, [t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 676, quoting Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [internal quotation marks omitted]).
Here, the Supreme Court should not have permitted the plaintiff to introduce extrinsic documentary evidence concerning collateral matters solely for the purpose of impeaching the defendant's credibility (see Mazella v Beals, 27 NY3d 694, 711; Badr v Hogan, 75 NY2d 629, 634-635). In view of the importance of the defendant's testimony and the emphasis given to the improperly admitted credibility evidence by the plaintiff's counsel during summation, the errors were sufficiently prejudicial to warrant a new trial (see Badr v Hogan, 75 NY2d at 636-637; Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1024). Accordingly, we remit the matter to Supreme Court, Kings County, for a new trial.
In light of our determination, we need not reach the defendants' remaining contentions.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court