Raineri v Lalani (2021 NY Slip Op 00890)





Raineri v Lalani


2021 NY Slip Op 00890


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-03324
 (Index No. 3394/11)

[*1]Alissa Raineri, etc., et al., appellants,
v
Hamid Lalani, et al., defendants, Barry Huppert, et al., respondents.


Oshman & Mirisola, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York, NY (Jason J. Lavery of counsel), for respondent Barry Huppert.
Ellenberg Gannon Henninger Fitzmaurice & Lim, LLP, New York, NY (Michael A. Ellenberg and Corey L. Shulman of counsel), for respondent Buddhadev N. Manvar.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 8, 2017. The judgment, insofar as appealed from, upon a jury verdict, and upon an order of the same court dated January 11, 2017, denying the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, or in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, is in favor of the defendants Barry Huppert and Buddhadev N. Manvar and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Buddhadev N. Manvar; as so modified, the judgment is affirmed insofar as appealed from, that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside, in the interest of justice, so much of the jury verdict as found that the defendant Buddhadev N. Manvar's departure from the applicable standard of care was not a substantial factor in causing the decedent's injury, and for a new trial on that issue, is granted, the order dated January 11, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of whether the defendant Buddhadev N. Manvar's departure from the applicable standard of care was a substantial factor in causing the decedent's injury, and if necessary, an assessment of damages; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Buddhadev N. Manvar, and one bill of costs is awarded to the defendant Barry Huppert, payable by the plaintiffs.
On February 28, 2009, the decedent, Mario Raineri, went to Beth Israel Medical Center (hereinafter the hospital) complaining of an irregular heartbeat. At the hospital, the decedent [*2]was treated by Barry Huppert, a cardiologist, until he was discharged on March 4, 2009. From March 4, 2009, until March 26, 2009, the defendant Buddhadev N. Manvar, also a cardiologist, treated the decedent, diagnosing the decedent with atrial fibrillation and mitral valve regurgitation. The decedent suffered a cardiac arrest on April 12, 2009, and died several months later. The plaintiffs commenced this action against, among others, Huppert and Manvar, asserting, inter alia, a cause of action to recover damages for medical malpractice. After trial, the jury found that Huppert did not "depart from the accepted standard of cardiological care on March 4, 2009 by not discussing [with the decedent] the findings of [an echocardiogram performed on that day] and not recommending surgery." With respect to Manvar, the jury found that he departed from "the accepted standard of cardiological care on March 12, 2009 and March 26, 2009 when he did not refer the decedent . . . on an urgent basis to a cardiac surgeon for mitral valve surgery." However, the jury then found that this departure was not a substantial factor in causing the decedent's injury. The Supreme Court subsequently denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict.
"Before granting a motion pursuant to CPLR 4404(a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (Capwell v Muslim, 80 AD3d 722, 723 [internal quotation marks omitted]; see Lang v Newman, 12 NY3d 868, 870; Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). Here, there was a valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached its verdict. Moreover, the jury's findings were based upon a fair interpretation of the evidence and not inconsistent, and thus, the findings were not contrary to the weight of the evidence.
However, the Supreme Court erred in permitting the jury to hear evidence that CVS Pharmacy, Inc. (hereinafter CVS), mistakenly gave the decedent a double dose of digoxin, and testimony from Manvar that the double dose of digoxin predisposed the decedent to an arrhythmia that caused his cardiac arrest. CVS, a defendant in this action, was awarded summary judgment based on its argument that its error in giving the decedent a double dose of digoxin was not a substantial factor in causing the decedent's cardiac arrest. As summary judgment is the "functional equivalent" of a trial, the court should have precluded Huppert and Manvar from presenting evidence at trial that CVS's negligence may have been a substantial factor in causing the decedent's cardiac arrest (see Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 255).
While this error was harmless as to the jury's verdict with respect to Huppert, as it found that he did not depart from the applicable standard of care, the error was prejudicial to the plaintiffs with respect to the jury's finding that Manvar's departure was not a substantial factor in causing the decedent's injury. Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on that issue.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court