Bilyavskiy v Parikh (2021 NY Slip Op 04692)





Bilyavskiy v Parikh


2021 NY Slip Op 04692


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-06425
 (Index No. 19945/13)

[*1]Shoshana Bilyavskiy, et al., appellants,
v
Manish Parikh, respondent, et al., defendants.


Simonson Goodman Platzer, P.C. (Pollack, Pollack,, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 20, 2017. The judgment, upon a jury verdict, is in favor of the defendant Manish Parikh and against the plaintiffs dismissing the complaint insofar as asserted against him.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Manish Parikh, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to that defendant.
After the plaintiff Shoshana Bilyavskiy (hereinafter the injured plaintiff) gave birth by cesarean section at New York University Medical Center (hereinafter NYUMC) on February 8, 2013, she showed signs of an intestinal perforation. On February 14, 2013, the defendant Manish Parikh (hereinafter the defendant) performed surgical procedures upon the injured plaintiff to diagnose and repair the perforation. The injured plaintiff was discharged from NYUMC on February 22, 2013. On March 6, 2013, the injured plaintiff was seen by the defendant in his office and was told to return in two weeks. Twelve days later, the injured plaintiff collapsed in her home and was taken to a different hospital where she was found to be in septic shock and underwent additional surgeries to treat the infection.
The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice, and the matter proceeded to trial. The Supreme Court made certain evidentiary rulings in the defendant's favor which prevented the plaintiffs from eliciting opinions from their experts that the defendant departed from accepted medical practices by failing to perform repeat CT scans upon the injured plaintiff on February 22, 2013, and March 6, 2013, and by failing to test her abdominal fluid, resulting in a delayed diagnosis and the need for more invasive treatment. The court concluded that such testimony would be unduly speculative. At the conclusion of the trial, the jury rendered a verdict in favor of the defendant, and a judgment was entered dismissing the complaint insofar as asserted against him. The plaintiffs appeal.
In order to establish liability for medical malpractice, a plaintiff must prove that the defendant departed from good and accepted standards of medical practice and that such departure was a proximate cause of the plaintiff's injuries (see Goldberg v Horowitz, 73 AD3d 691, 693). "To establish proximate cause, the plaintiff must demonstrate 'sufficient evidence from which a reasonable person might conclude that it was more probable than not that' the defendant's deviation was a substantial factor in causing the injury" (Flaherty v Fromberg, 46 AD3d 743, 745, quoting Johnson v Jamaica Hosp. Med. Ctr., 21 AD3d 881, 883). A plaintiff can make such a showing of proximate cause by presenting expert evidence from which the jury may infer that "the defendant's conduct diminished the plaintiff's chance of a better outcome or increased the injury" (Previtera v Nath, 164 AD3d 848, 851).
Here, contrary to the conclusion of the Supreme Court, the proposed testimony of the plaintiffs' experts, that the defendant deviated from accepted practices and decreased the injured plaintiff's chances of a better outcome or increased the injury by failing to perform certain testing, was not based upon speculation. Rather, the proposed testimony was based upon specified medical findings made both before and after the injured plaintiff's collapse, which, according to the experts, demonstrated the continued presence of infection capable of detection and earlier treatment (see Borawski v Huang, 34 AD3d 409, 410; cf. Previtera v Nath, 164 AD3d at 851). Accordingly, the court erred in precluding the proposed expert testimony.
Inasmuch as the Supreme Court's erroneous evidentiary rulings prejudiced the plaintiffs' ability to establish a prima facie case of medical malpractice against the defendant, we reverse the judgment, reinstate the complaint insofar as asserted against the defendant, and remit the matter to the Supreme Court, Queens County, for a new trial as to the defendant (see Rudle v Shifrin, 182 AD3d 617).
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court