Schuster v Sourour (2022 NY Slip Op 04317)

Schuster v Sourour

2022 NY Slip Op 04317

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2018-14616
2019-01747
 (Index No. 601104/10)

[*1]Frank Schuster, etc., respondent, 
v
Magdi S. Sourour, appellant, et al., defendants.

Bartlett LLP (Martin Clearwater and Bell LLP, New York, NY [Barbara D. Goldberg], of counsel), for appellant.
Silberstein, Awad & Miklos, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Magdi S. Sourour appeals from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered November 16, 2018, and (2) a judgment of the same court entered January 18, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against him and for judgment as a matter of law dismissing the complaint insofar as asserted against him, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. The judgment, upon the jury verdict and the order, is in favor of the plaintiff and against the defendant Magdi S. Sourour in the total sum of $2,717,303.11.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, that branch of the motion of the defendant Magdi S. Sourour which was pursuant to CPLR 4404(a) to set aside the jury verdict against him in the interest of justice and for a new trial is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new trial; and it is further,
ORDERED that one bill of costs is awarded to the defendant Magdi S. Sourour.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In September 2009, after surgery during which her right lung was removed, Eileen Schuster (hereinafter the decedent) was diagnosed with lymphoma. She died from her illness in August 2010. The plaintiff, as administrator of the decedent's estate, commenced this action, inter [*2]alia, to recover damages for medical malpractice and wrongful death stemming from an alleged delay in the diagnosis of the decedent's lymphoma.
Following a trial, the jury found that the defendant Magdi S. Sourour departed from good and accepted medical practice by failing to perform additional biopsy procedures after a bronchoscopy he performed in December 2007 was negative for malignancy. The jury also found that such departure was a proximate cause of the decedent injuries. In an order entered November 16, 2018, the Supreme Court, among other things, denied those branches of Sourour's motion which were pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against him, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. On January 18, 2019, a judgment was entered in favor of the plaintiff and against Sourour in the total sum of $2,717,303.11. Sourour appeals.
"Before granting a motion pursuant to CPLR 4404(a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (Raineri v Lalani, 191 AD3d 814, 816 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d 101, 108; Cohen v Hallmark Cards, 45 NY2d 493, 499). "Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Raineri v Lalani, 191 AD3d at 816; see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
"'In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d 670, 672, quoting Stukas v Streiter, 83 AD3d 18, 23). "A plaintiff can make such a showing of proximate cause by presenting expert evidence from which the jury may infer that 'the defendant's conduct diminished the plaintiff's chance of a better outcome or increased the injury'" (Bilyavskiy v Parikh, 197 AD3d 605, 606, quoting Previtera v Nath, 164 AD3d 848, 851).
Here, there was legally sufficient evidence to support the jury verdict finding that Sourour's departure from accepted medical practice decreased the decedent's chance of a better outcome (see Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d at 673; Luna v Spadafora, 127 AD3d 933, 938; Feldman v Levine, 90 AD3d 477, 478). Moreover, a fair interpretation of the evidence supported the jury's finding that Sourour's departure from accepted medical practice was a proximate cause of the decedent's injuries (see Anarumo v Herzog, 201 AD3d 778, 779; Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 675; Reid v Bharucha, 126 AD3d 495).
However, the Supreme Court should have granted that branch of Sourour's motion which was to set aside the jury verdict and for a new trial in the interest of justice. "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Duman v Scharf, 186 AD3d 672, 674, quoting Allen v Uh, 82 AD3d 1025, 1025). "In considering such a motion, [t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1018 [internal quotation marks omitted]; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381; Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023).
Sourour contends that he is entitled to a new trial, in part because the Supreme Court erred in precluding him from cross-examining the plaintiff's expert witness regarding whether several doctors who consulted on the decedent's case prior to her diagnosis of lymphoma also departed from accepted medical practice by failing to perform or recommend additional diagnostic [*3]procedures. If, as Sourour proposes, a jury were to find that these doctors departed from accepted medical practice and that their departures were a substantial factor in depriving the decedent of a chance for an improved outcome, they could be found at fault together with Sourour (see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d at 676). As a result, any evidence as to the culpability of these doctors was relevant under CPLR 1601(1) (see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d at 676). The court's error in precluding testimony on this issue deprived Sourour of "substantial justice" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381; see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d at 676; Taromina v Presbyterian Hosp. in City of N.Y., 242 AD2d 505). Accordingly, the court should have granted Sourour a new trial in the interest of justice.
We reject Sourour's further contention that the Supreme Court erred in refusing to give an "error in judgment" charge (PJI 2:150). "'That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives'" (Lacqua v Silich, 141 AD3d 690, 691-692, quoting Martin v Lattimore Rd. Surgicenter, 281 AD2d 866, 866; see Nestorowich v Ricotta, 97 NY2d 393, 399). Here, Sourour did not chose between two medically acceptable approaches, but rather determined that no further investigation was necessary based on his diagnosis of the decedent (see Lacqua v Silich, 141 AD3d at 692).
Sourour contends that the first interrogatory was unfair and prejudicial in failing to adequately specify his alleged departure from accepted medical practice, and that the resulting jury verdict was a general verdict. The Supreme Court properly determined that the plaintiff did not seek recovery on several different theories, and that the interrogatory accurately described the alleged departure (cf. Steidel v County of Nassau, 182 AD2d 809, 813). We note that while the interrogatory erroneously encompassed a period of time after the decedent underwent surgery, during which Sourour's alleged departure could no longer have occurred, there is no indication that the error caused substantial confusion for the jury.
In light of our determination, Sourour's remaining contention need not be addressed.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court