Gruen v Brathwaite (2023 NY Slip Op 02107)

Gruen v Brathwaite

2023 NY Slip Op 02107

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-09502
2020-01803
 (Index No. 60455/13)

[*1]Linda Gruen, et al., appellants, 
v
Collin E. Brathwaite, etc., et al., defendants, Winthrop University Hospital, respondent.

Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, Garden City, NY (Daniel Lei and Daniel S. Ratner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated May 8, 2019, and (2) an order of the same court dated January 6, 2020. The order dated May 8, 2019, insofar as appealed from, granted that branch of the motion of the defendant Winthrop University Hospital which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it. The order dated January 6, 2020, insofar as appealed from, upon reargument, adhered to that prior determination in the order dated May 8, 2019.
ORDERED that the appeal from the order dated May 8, 2019, is dismissed, as the portion of the order appealed from was superseded by so much of the order dated January 6, 2020, as was made upon reargument; and it is further,
ORDERED that the order dated January 6, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Winthrop University Hospital.
In April 2013, the plaintiff Linda Gruen (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against, among others, the defendant Winthrop University Hospital (hereinafter the hospital). The complaint, as amplified by the bill of particulars, alleged that in March 2011, the hospital's employees were negligent in failing to recognize, diagnose, and treat the injured plaintiff's post-operative infection that led to, inter alia, a stroke, sepsis, and blindness. The complaint also alleged that the hospital failed to obtain the injured plaintiff's informed consent before the surgical procedure.
The hospital moved for summary judgment dismissing the complaint insofar as asserted against it. By order dated May 8, 2019, the Supreme Court, among other things, granted that branch of the hospital's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it and denied that branch of its motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against it. Thereafter, in an order dated January 6, 2020, the court, inter alia, upon reargument, adhered to its prior determination granting that branch of the hospital's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it. The plaintiffs appeal.
"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 774-775 [internal quotation marks omitted]). "On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796 [internal quotation marks omitted]). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Guctas v Pessolano, 132 AD3d 632, 633).
Here, the hospital established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against it by submitting the detailed affirmations of two experts. One expert, a general surgeon, opined, based upon, inter alia, his knowledge and training, as well as his review of the injured plaintiff's medical records and relevant deposition testimony, that a pre-operative evaluation and the post-operative care rendered to the injured plaintiff by the hospital were in accordance with accepted standards of care, and that the injured plaintiff did not exhibit signs of surgical complications until March 31, 2011, at which time the hospital's employees appropriately recommended that the injured plaintiff go to an emergency room. In addition, the hospital's other expert, a radiologist, opined that the actions of the hospital and its employees did not cause the injured plaintiff's injuries (see Pezulich v Grecco, 206 AD3d 827, 829; Palagye v Loulmet, 203 AD3d 729, 731; Audette v Toussaint-Milord, 201 AD3d 779, 781; M.C. v Huntington Hosp., 175 AD3d 578, 579-580).
Since the hospital met its prima facie burden, the burden then shifted to the plaintiffs "to show by sufficient evidentiary proof the existence of a triable factual issue" (Behar v Coren, 21 AD3d 1045, 1046; see Guctas v Pessolano, 132 AD3d at 633 [internal quotation marks omitted]). The Supreme Court determined that the affidavit of the plaintiffs' expert was inadmissible because it indicated that the expert was licensed in New Jersey, not in New York, and it did not set forth in sufficient detail the expert's qualifications, education, training, or work experience. Although the plaintiffs correctly contend that the expert's affidavit was not inadmissible merely because the expert was licensed in New Jersey and not in New York (see M.C. v Huntington Hosp., 175 AD3d at 580-581; cf. Nelson v Lighter, 179 AD3d 933, 935), nevertheless, on appeal, the plaintiffs have failed to address whether the affidavit set forth in sufficient detail the expert's qualifications, education, training, or work experience (see generally Mazella v Hauser, 142 AD3d 1055, 1056; Behar v Coren, 21 AD3d at 1046; LaMarque v North Shore Univ. Hosp., 227 AD2d 594). Thus, the plaintiffs have abandoned any argument they may have had on that point (see Lupo v Miranda, 186 AD3d 468, 469; Shaw v Bluepers Family Billiards, 94 AD3d 858, 860). Accordingly, we decline to disturb the court's determination granting that branch of the hospital's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it.
We further decline the hospital's request to search the record and award it summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against it.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court