J.T.M. v Parrinello
2026 NY Slip Op 03787
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

J.T.M., etc., et al., appellants,
v
Salvatore Parrinello, et al., defendants, Barbara J. Cusumano, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2021-01284, (Index No. 23997/11)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Jordan & LeVerrier, P.C., East Hampton, NY (Conrad Jordan of counsel), for appellants.
Kerley, Walsh, Matera & Cinquemani, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 14, 2021. The judgment, upon a jury verdict in favor of the defendants Barbara J. Cusumano, Robert J. Gottlieb, Alexandra Halitsky, and Southampton Pediatric Associates, P.C., and against the plaintiffs on the issue of liability, and upon an order of the same court dated October 16, 2020, inter alia, denying those branches of the plaintiffs' motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendant Alexandra Halitsky and against them on the issue of proximate cause as contrary to the weight of the evidence or in the interest of justice, and for a new trial, is in favor of the defendants Barbara J. Cusumano, Robert J. Gottlieb, Alexandra Halitsky, and Southampton Pediatric Associates, P.C., and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof in favor of the defendants Alexandra Halitsky and Southampton Pediatric Associates, P.C., and against the plaintiffs dismissing the complaint insofar as asserted against those defendants; as so modified, the judgment is affirmed, with one bill of costs to the plaintiffs payable by the defendants Alexandra Halitsky and Southampton Pediatric Associates, P.C., and one bill of costs to the defendants Barbara J. Cusumano and Robert J. Gottlieb payable by the plaintiffs, that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside, in the interest of justice, so much of the jury verdict as found that the departure of the defendant Alexandra Halitsky from the applicable standard of care at the infant plaintiff's 16-month visit on November 12, 2009, was not a substantial factor in causing the infant plaintiff's injury and for a new trial on that issue is granted, the order dated October 16, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of whether the departure of the defendant Alexandra Halitsky from the applicable standard of care at the infant plaintiff's 16-month visit on November 12, 2009, was a substantial factor in causing the infant plaintiff's injury, and if necessary, an assessment of damages.
The plaintiffs commenced this action against, among others, the defendants Barbara [*2]J. Cusumano, Robert J. Gottlieb, Alexandra Halitsky, and Southampton Pediatrics Associates, P.C. (hereinafter Southampton Pediatrics and collectively with Cusumano, Gottlieb, and Halitsky, the defendants), to recover damages for medical malpractice, alleging, inter alia, that Cusumano, Gottlieb, and Halitsky failed to timely diagnose and treat the infant plaintiff's arachnoid cyst and failed to refer the infant plaintiff to a neurologist or neurosurgeon, thereby causing the infant plaintiff to sustain brain damage. After a jury trial, the jury found, among other things, that Cusumano and Gottlieb did not depart from good and accepted medical practice and that Halitsky departed from good and accepted medical practice by failing to refer the infant plaintiff to a neurologist or neurosurgeon at the infant plaintiff's 16-month visit on November 12, 2009, but that such departure was not a substantial factor in causing the infant plaintiff's injury. Thereafter, the plaintiffs moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of Halitsky and against them on the issue of proximate cause as contrary to the weight of the evidence or in the interest of justice, and for a new trial. In an order dated October 16, 2020, the Supreme Court, among other things, denied those branches of the motion. Subsequently, the court issued a judgment dated January 14, 2021, in favor of the defendants and against the plaintiffs dismissing the complaint insofar as asserted against the defendants. The plaintiffs appeal.
"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (Nugent v Highland Rehabilitation & Nursing Ctr., 240 AD3d 601, 602 [internal quotation marks omitted]; see Gruen v Brathwaite, 215 AD3d 927, 928). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Nugent v Highland Rehabilitation & Nursing Ctr., 240 AD3d at 602 [internal quotation marks omitted]; see Gruen v Brathwaite, 215 AD3d at 928; Velasquez v Ruiz, 203 AD3d 786, 788).
A jury verdict may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the moving party's favor that it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 746 [internal quotation marks omitted]; see Krohn v Schultz Ford Lincoln, Inc., 246 AD3d 90, 97; Thompson v Northwell Health, Inc., 234 AD3d 1006, 1007). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d 656, 657). "The resolution of credibility issues by the jury, which had the opportunity to observe the witnesses, is entitled to deference" (Nugent v Highland Rehabilitation & Nursing Ctr., 240 AD3d at 603; see Abbene v Conetta, 198 AD3d 849, 850). Moreover, where conflicting expert testimony is presented, "the jury is entitled to accept one expert's opinion and reject that of another expert" (Nugent v Highland Rehabilitation & Nursing Ctr., 240 AD3d at 603 [internal quotation marks omitted]; see Abbene v Conetta, 198 AD3d at 850).
Here, the jury's finding that Halitsky's departure from good and accepted medical practice at the infant plaintiff's 16-month visit on November 12, 2009, was not a substantial factor in causing the infant plaintiff's injury was based upon a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (see Angieri v Musso, 225 AD3d 43, 52; Russo v Mignola, 142 AD3d 1064, 1065-1066). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of Halitsky and against them on the issue of proximate cause as contrary to the weight of the evidence.
"'A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Duman v Scharf, 186 AD3d 672, 674, quoting Allen v Uh, 82 AD3d 1025, 1025; see Schuster v Sourour, 207 AD3d 491, 493-494). A party may be deprived of a fair trial by the trial court's failure to respond meaningfully to questions posed by the jury during its deliberations (see Maiorani v Adesa Corp., 83 AD3d 669, 673). A trial court's failure to adequately respond to a jury note which precludes the jury from fairly [*3]considering a critical issue presented at trial may constitute prejudicial error requiring reversal and a new trial (see Cleveland v Djeu, 152 AD3d 483, 485; Meyer v Saint Francis Hosp., Poughkeepsie, N.Y., 151 AD3d 1501, 1504).
Here, the Supreme Court failed to respond meaningfully to the jury's request to view all of the infant plaintiff's MRI images during deliberations (see Maiorani v Adesa Corp., 83 AD3d at 673). Although the MRI images were admitted into evidence at trial, the court denied the jury's request to view the MRI images during deliberations on the ground that viewing them was "beyond the ken of a juror." While this error was harmless as to the jury's verdict with respect to Cusumano and Gottlieb since the jury found that Cusumano and Gottlieb did not depart from the applicable standard of care, the error deprived the plaintiffs of "substantial justice" with respect to the jury's finding that Halitsky's departure was not a substantial factor in causing the infant plaintiff's injury (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381; see Schuster v Sourour, 207 AD3d at 494; Raineri v Lalani, 191 AD3d 814, 816-817). Accordingly, the court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of Halitsky and against them on the issue of proximate cause in the interest of justice and for a new trial on that issue, and we remit the matter to the Supreme Court, Suffolk County, for a new trial on that issue.
We reject the plaintiffs' further contentions that the cumulative effect of the Supreme Court's pre-deliberation conduct deprived them of a fair trial. A trial court has "broad discretion in controlling the scope of direct, cross, and redirect examination" (Abdenbi v Walgreen Co, 240 AD3d 731, 732; see Caserta v Levittown School Dist., 12 AD3d 549, 550). Moreover, "[a] trial court 'has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary'" (Ioffe v Seruya, 134 AD3d 993, 995-996, quoting Nunez v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 110 AD3d 686, 688). "Nevertheless, [a] trial judge should at all times maintain an impartial attitude and exercise a high degree of patience and forebearance. A trial judge may not so far inject himself [or herself] into the proceedings that the jury could not review the case in the calm and untrammeled spirit necessary to effect justice" (Ioffe v Seruya, 134 AD3d at 996 [internal quotation marks omitted]; see DeCrescenzo v Gonzalez, 46 AD3d 607, 608-609). Here, contrary to the plaintiffs' contentions, the court did not demonstrate bias in favor of the defendants and did not admonish the plaintiffs' counsel at a substantially more frequent rate (see Porcelli v Northern Westchester Hosp. Ctr., 110 AD3d 703, 706-707; DeCrescenzo v Gonzalez, 46 AD3d at 609). Accordingly, the court "did not engage in the type of repeated prejudicial intrusions that have been found to prevent the jury from considering the evidence in a fair, calm, and unprejudiced manner" (Albano v K.R. & S. Auto Repair, Inc., 123 AD3d 748, 750; see Rizzo v Kay, 79 AD3d 1001, 1001).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court