Daniels v Jerome
2026 NY Slip Op 03944
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rachelle Daniels, etc., appellant,
v
Eric L. Jerome, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2021-08648, (Index No. 47476/03)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Daniel H. Gilberg, New York, NY, for appellant.
Dorf Nelson & Zauderer, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Katherine Herr Solomon, and Kathryn Beer], of counsel), for respondent Eric L. Jerome.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent Nephro-Care, Inc.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 26, 2021. The judgment, upon a jury verdict in favor of the defendant Nephro-Care, Inc., and against the plaintiff on the issue of liability, and in favor of the plaintiff and against the defendant Eric L. Jerome on the issue of liability, and upon an order of the same court dated January 8, 2021, granting that branch of the motion of the defendant Eric L. Jerome which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against him and for a judgment as a matter of law, in effect, dismissing the complaint insofar as asserted against him and denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant Nephro-Care, Inc., on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict in favor of the defendant Nephro-Care, Inc., on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial, or, in the alternative, to set aside the jury's apportionment of fault and for a new trial, is in favor of the defendants Eric L. Jerome and Nephro-Care, Inc., and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs.
On December 18, 2001, the plaintiff's decedent was admitted to Interfaith Medical Center (hereinafter Interfaith) after suffering a bleed from his arteriovenous graft (hereinafter the AV graft), used for hemodialysis. Various physicians who examined the decedent at Interfaith, including his nephrologist, the defendant Eric L. Jerome, suspected that the AV graft was infected and referred the decedent to a surgical team to examine the decedent and perform a removal or ligation of the AV graft if indicated. Although members of Interfaith's surgical team examined the decedent on December 20, 2001, and Interfaith's vascular surgeon, Roland Purcell, was updated on the decedent's condition, no surgical intervention was performed. On December 21, 2001, the decedent began to bleed profusely from the AV graft, suffered cardiac arrest, and died as a result.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, Jerome and the defendant Nephro-Care, Inc. (hereinafter Nephro-Care), the dialysis center where the decedent was treated prior to his hospitalization. After trial, the jury returned a verdict in favor of the plaintiff and against Jerome on the issue of liability, and in favor of Nephro-Care and against the plaintiff on the issue of liability. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of Nephro-Care on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial. Jerome moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against him and for judgment as a matter of law, in effect, dismissing the complaint insofar as asserted against him. In an order dated January 8, 2021, the Supreme Court, inter alia, granted that branch of Jerome's motion and denied the plaintiff's motion. On October 26, 2021, the court issued a judgment in favor of Jerome and Nephro-Care and against the plaintiff dismissing the complaint. The plaintiff appeals.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Bhim v Platz, 207 AD3d 511, 513 [internal quotation marks omitted]; see Schuster v Sourour, 207 AD3d 491, 494). In considering such a motion, a trial judge must decide "whether substantial justice has been done" and "whether it is likely that the verdict has been affected," and must rely on his or her own "common sense, experience and sense of fairness" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [internal quotation marks omitted]; see Hervey v Northern Westchester Hosp., 238 AD3d 1117, 1118). "[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion" (Molina v Goldberg, 231 AD3d 46, 51 [internal quotation marks omitted]; see Walsh v Akhund, 198 AD3d 1010, 1012).
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of Nephro-Care on the issue of liability in the interest of justice. The plaintiff did not establish that certain allegedly missing medical records existed, or that the records were relevant and would have supported her claim (see Lifrieri v Gambale, 222 AD3d 860, 860-861; Jae Duk Ahn v Kyong Koo Kang, 192 AD3d 994, 994; Montagnino v Inamed Corp., 120 AD3d 1317, 1319).
The Supreme Court also properly denied the plaintiff's request for a jury charge consistent with Noseworthy v City of New York (298 NY 76) (see Mattocks v Ellant, 231 AD3d 813, 818; Feltus v Staten Is. Univ. Hosp., 285 AD2d 445, 446) and for a jury charge for vicarious liability (see generally Weiszberger v KCM Therapy, 189 AD3d 1121, 1122-1123).
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Vittiglio v Gaurino, 100 AD3d 987, 987-988; see Barril v McClure, 163 AD3d 752, 752-753). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d 553, 556; see Nugent v Highland Rehabilitation & Nursing Ctr., 240 AD3d 601, 602).
"'In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries'" (Gruen v Brathwaite, 215 AD3d 927, 928, quoting Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 774-775; see Chicoine v Mendola, 233 AD3d 841, 843).
The Supreme Court properly granted that branch of Jerome's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against him and [*2]for judgment as a matter of law, in effect, dismissing the complaint insofar as asserted against him (see Brown v Shah, 109 AD3d 948, 949-950). Here, there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial.
The plaintiff's remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court